## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RONALD HAASE,** | ) | **CASE NO. 8:11CV236** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **AGS CAPITAL, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on July 1, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on July 1, 2011, against Defendant AGS Capital, and six related entities and employees. (Filing No. 1.) Condensed and summarized, Plaintiff sues Defendants for breach of contract, intentional infliction of emotional distress, libel, slander, and "misrepresentation of his character." (*Id.* at CM/ECF pp. 7-9.) Plaintiff alleges that he was terminated in breach of his employment contract and that Defendants's actions "demonstrated reckless disregard for the likelihood of causing emotional (and physiological) distress to Plaintiff." (*Id.* at CM/ECF p. 8.) Plaintiff further alleges that he was labeled a "vandal" by Defendants and "suffered damage to his reputation and health as a result of untrue claims of him being a 'vandal.'" (*Id.* at CM/ECF p. 9.)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss

a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.[1]  For purposes of 28 U.S.C. § 1332,

---

[1]Subject matter jurisdiction also exists where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. Northwest South Dakota Prod. Credit Ass'n v. Smith, 784 F.2d 323, 325 (8th Cir. 1986). Even liberally construed, Plaintiff does not bring his claims pursuant to federal question jurisdiction.

2

"diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000), (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Plaintiff has failed to specify an amount in controversy. Plaintiff merely seeks compensatory damages "in an amount subject to proof." (Filing No. 1 at CM/ECF p. 10.) Plaintiff's Complaint does not indicate that he is owed, or was expected to be compensated, an amount greater than $75,000.00. While it is clear from Plaintiff's Complaint that Plaintiff and each of the Defendants are citizens of different states, Plaintiff has not alleged that the amount in controversy is greater than $75,000.00. Rather, the only specific reference to damages in the Complaint is an allegation that Defendants owe Plaintiff "expenses and wages incurred of $5,892.99." (*Id.* at CM/ECF p. 6.) Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

In short, the court has serious doubts regarding "whether the amount alleged is legitimate." Thus, in accordance with *Trimble*, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate. This matter cannot proceed further until Plaintiff does so.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until August 15, 2011, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount; and

2. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: August 15, 2011: deadline for Plaintiff to show jurisdictional amount by preponderance of evidence.

DATED this 15th day of July, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.