**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RONALD HAASE,** | ) | **CASE NO. 8:11CV236** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **AGS CAPITAL, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on its own motion. On July 15, 2011, the court entered a Memorandum and Order stating its concerns regarding whether subject-matter jurisdiction in this court is proper. (Filing No. 6.) The court permitted Plaintiff the opportunity "to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount." (*Id.* at CM/ECF p. 4.) On August 3, 2011, Plaintiff filed a Sealed Affidavit in response to the court's July 15, 2011, Memorandum and Order. (Filing No. 10.)

In his Complaint, the only specific reference to damages is an allegation that Defendants owe Plaintiff "expenses and wages incurred of $5,892.99." (Filing No. 1 at CM/ECF p. 6.) In his Affidavit, Plaintiff alleges that he sustained additional "ambulance" and hospitalization expenses of $6,215.00 as a result of Defendant's conduct. (Filing No. 10.) Other than these two amounts, Plaintiff states only that he "has been educated at Harvard and Oxford with an MBA and other Master's degrees from Stanford. He has lost work and had his reputation slandered by defendants actions impacting his earnings to an amount greater than $75,000.00." (*Id.*) However, Plaintiff has not submitted any support for this claim, or submitted any evidence, relating to the amount in controversy requirement. Rather, Plaintiff devotes the remainder of his affidavit to claims regarding

Defendant's relationship to the "Church of Scientology" and "L. Ron Hubbard."  (*Id.*)  Indeed, there is nothing in Plaintiff's response showing that "the amount alleged is legitimate."  Trimble v. Asarco, Inc., 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)).  The court gave Plaintiff the opportunity to show that subject-matter jurisdiction in this court is proper, but Plaintiff has not done so.  For these reasons, and for the reasons set forth in the court's July 15, 2011, Memorandum and Order, this matter is dismissed.

    IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice because this court lacks subject-matter jurisdiction;

2. A separate judgment will be entered in accordance with this Memorandum and Order;

3. Plaintiff's Motion to Dismiss (Filing No. 8), construed as a motion to withdraw Plaintiff's Motion for In Camera Hearing, is granted.  Plaintiff's Motion for In Camera Hearing (Filing No. 7) is denied; and

4. Plaintiff's Motion to File Under Seal (Filing No. 9) is granted.  Filing No. 10 shall remain sealed.

DATED this 3rd day of October, 2011.

        BY THE COURT:

        s/Laurie Smith Camp
        United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.